UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-mj-03571-BECERRA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LUIS MANUEL URRA MONTERO,

    Defendant.
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on November 2, 2020, a hearing was held to determine whether defendant **LUIS MANUEL URRA MONTERO** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required. Therefore, it is hereby ordered that the defendant **LUIS MANUEL URRA MONTERO** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by criminal complaint in the Southern District of Florida with one count of theft of government property, in violation of Title 18, United States Code, Section 641 and one count of conspiracy, in violation of Title 18, United States Code, Section 371.

2. The weight of the evidence against the defendant is substantial. The government has proffered that on August 9, 2020, around 1:47 AM a trailer was detached from a tractor parked at a warehouse parking lot in Boynton Beach, Florida. The trailer contained 192 medical ventilators owned by the United States Agency for International Development and worth approximately $3 million.

Security camera footage showed a truck arriving at the warehouse parking lot and leaving approximately an hour later with the trailer. Law enforcement officers later determined that the truck in the video had been stolen in July 2020 from a retail store parking lot.

A few days after the theft, law enforcement officers discovered the trailer. It had been emptied of its contents and abandoned in a remote area of Broward County.

Law enforcement officers located the truck involved in the theft of the ventilators using GPS data from the truck's manufacturer. GPS data revealed that the truck was located at a property in Miami, Florida.

Law enforcement officers observed an SUV leaving the property. Law enforcement officers effectuated a traffic stop of that SUV. The driver of the SUV, Yoelvis Denis Hernandez, was arrested for driving with a suspended license. Law enforcement officers recovered a key ring from Mr. Hernandez. The defendant posted Mr. Hernandez' bond.

During the execution of a search warrant at the Miami property, law enforcement officers discovered the stolen ventilators in a trailer connected to the truck. A key from Mr. Hernandez' key ring matched the lock that had been on the trailer.

Law enforcement officers interviewed the defendant who denied participating in the theft of the ventilators. The defendant told law enforcement officers that he had been wearing an ankle monitor. Law enforcement officers obtained data from the defendant's ankle monitor and learned that at the time of the theft, the defendant had been within 200 feet of the warehouse where the theft occurred.

During the interview, law enforcement officers observed a Maserati parked outside the defendant's home. The defendant told law enforcement officers that the Maserati belonged to his cousin. The defendant's cousin told law enforcement that the defendant often borrowed the Maserati and had done so on the night of the theft.

Security camera footage showed a Maserati driving through the warehouse parking lot around the time of the theft. The Maserati's internal data showed that it had been at the warehouse around the time of the theft.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on November 21, 1996 in Cuba. The defendant has been living in the United States since 2015 and is a permanent resident of the United States. The defendant's grandparents and extended family reside in Cuba. The defendant's criminal history includes multiple arrests for grand theft auto, grand theft in the second degree, grand theft in the third degree, burglary of an unoccupied structure and burglary of an unoccupied conveyance.

4. The Court specifically finds, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required. The defendant has been in the United States for approximately five years and has been arrested multiple times related to theft. The defendant was on bond and had a

monitoring device on his ankle at the time he participated in the instant offense. Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that the defendant presents a risk of flight and would not appear if released on bond.

      5.  The Court specifically finds, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.   Based upon the above findings of fact, which were supported by a preponderance of the evidence, the Court has concluded that this defendant presents a risk of flight.

The Court hereby directs:

      (a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

      (b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

      (c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **2nd** day of November, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE